Joshua M. Wolf, OSB No. 141892
WOLF LEGAL, LLC
220 NW 8th Ave.
Portland, Oregon 97209
Telephone: 503.893.9788
Email: Josh@WolfLegalPDX.com

George M. Chalos (GC-8693)
Briton P. Sparkman (BS-5220)
(*pro hac vice* applications forthcoming)
CHALOS & CO., P.C.
7210 Tickner Street
Houston, Texas 77055
Telephone: (713) 574-9454
Email: gmc@chaloslaw.com
      bsparkman@chaloslaw.com

*Attorneys for Plaintiff*
TERMOIL LIMITED

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | | |
|---|---|---|
| TERMOIL LIMITED, | ) | |
| | ) | Case No. 3:19-cv-01254 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **VERIFIED COMPLAINT** |
| | ) | |
| M/V MEDI NEWPORT, IMO No. | ) | |
| 9758454, her engines, freights, apparel, | ) | |
| appurtenances, tackle, etc., in rem, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, TERMOIL LIMITED (hereinafter "TERMOIL" or "Plaintiff"), by and through

its undersigned counsel, as and for its Verified Complaint against the Defendant, M/V MEDI

NEWPORT, IMO No. 9758454, her engines, freights, apparel, appurtenances, tackle, etc., *in rem*

(hereinafter "MEDI NEWPORT" or the "Vessel"), alleges and pleads as follows:

# I. JURISDICTION, VENUE AND PARTIES

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This case falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and § 31341 of the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343, and is brought under the provisions of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims (hereinafter "Rule C").

2.      Jurisdiction is founded on the presence within the District of the MEDI NEWPORT, which may be arrested to enforce a maritime lien in accordance with the provisions of Rule C, as pled in Sections II & III below.

3.      Plaintiff, TERMOIL, was and is a foreign corporation engaged in the business of providing maritime necessaries to ships, namely bunkers.

4.      Defendant MEDI NEWPORT (hereinafter "Vessel") was and is an ocean going cargo vessel, registered in Panama, with IMO number 9758454, with a call sign of 3EQN8, and, is now, or will be during the pendency of this action, within the District of Oregon, and subject to the jurisdiction and venue of this Honorable Court. Upon information and belief, the Vessel's registered owner is Ken Line SA.

## II. THE SUBSTANTIVE CLAIMS

5.      TERMOIL brings this action to recover amounts due and owing to it by Defendant arising from the supply of bunkers to the M/V MEDI NEWPORT, pursuant to a maritime contract.

6.      On or about December 24, 2018, Caledonia Maritime Services Co LLC (hereinafter "Caledonia") engaged TERMOIL for a bunker supply delivery of "IFO 180 CST RMG 180 3.5% S" to the Vessel at the Port Elizabeth in Algoa Bay, South Africa. *A copy of the*

*Order Confirmation is attached hereto as **Exhibit 1***.

7.     The Order Confirmation provided that payments for the supply of bunkers are due within twenty-one (21) days from the date of delivery (*id*.).

8.     The Order Confirmation incorporates TERMOIL's General Standard Terms and Conditions for the Sale of Marine Bunkers and Lubricants (hereinafter "Terms and Condition").[1] *A copy of TERMOIL's General Terms and Conditions for the Sale of Marine Bunkers and Lubricants is attached hereto as **Exhibit 2***.

9.     The agreement for the supply of bunkers was for the account of buyers "M/V MEDI NEWPORT and/or Caledonia Maritime Services Co LLC and/or Owners and/or Master and/or Managers and/or Operators and/or Charters of M/V MEDI NEWPORT" (**Exhibit 1**).

10.     Pursuant to Clause 9.2 of TERMOIL's Terms and Conditions, the Buyer shall be charged "default interest at the rate of 2% per month on the principal amount from the due date of payment to the date of actual full payment of the principal, without prejudice to the Supplier's right to claim full payment forthwith" (*see* **Exhibit 2** at 8).

11.     Pursuant to Clause 9.7, "the Supplier has the right (without prejudice to its right to receive default interest) take all appropriate steps to secure and enforce its claim" (*see* **Exhibit 2** at 9). Clause 9.12 provides that "all judicial and extrajudicial costs and expenses . . . shall be for the Buyer's account, immediately payable by the latter to the Supplier. In case of litigation, the Buyers shall also pay all the relevant expenses of the Supplier, including but without limitation all his legal/lawyers' costs" (*see* **Exhibit 2** at 10).

12.     TERMOIL timely delivered 895.010 metric tons of IFO 180 CST of bunker fuel

---

[1] Under TERMOIL's Terms and Conditions, "Buyer" is defined to include, "the registered and disponent owner of the Vessel and . . . the manager of the Vessel, her demise/bareboat charterer, lessee and any other party which has contract with the Supplier . . ." *See* **Exhibit 2**, at 2.

to the Vessel at Port Elizabeth in Algoa Bay on January 6, 2019, as set out in the bunker delivery note. *A copy of the Bunker Delivery Note is attached hereto as **Exhibit 3***. The Bunker Delivery Note bears the signature of the Master and the Seal of Vessel (*id*.)

13.    By signing the Bunker Delivery Note, the Master acted on behalf of the Vessel and her owner and/or operator and/or charterers to procure bunkers, and thereby accepted them, for the Vessel.

14.    The said bunkers delivered to the Vessel were necessary to the accomplishment of her mission; to wit: trade worldwide as a commercial ship. Caledonia by virtue of its role as charterer was authorized to order necessaries for the account and on the credit of the Vessel.

15.    On January 8, 2019, TERMOIL submitted an invoice numbered "3530" for the delivery of bunkers to the Vessel totaling USD 411,704.60. *A copy of the Invoice is attached hereto as **Exhibit 4***.

16.    On or about February 25, 2019, TERMOIL received USD 102,901.15 as partial payment for the delivery of bunkers to the Vessel. TERMOIL applied USD 8,234.10 to the outstanding default interest and late payment charges that had accrued at the rate of 2% per month on the principal amount from January 27, 2019 to February 25, 2019. The remaining payment of USD 94,667.05 was applied towards the principal amount of the invoice due. The remaining balance of USD 317,037.55 was due and owing as of February 26, 2019, for the supply of bunkers to the Vessel.

17.    On or about March 14, 2019, TERMOIL received USD 49,975 as a second partial payment for the delivery of bunkers to the Vessel. TERMOIL applied USD 3,804.48 to the outstanding default interest and late payment charges that had accrued at the rate of 2% per month on the outstanding principal from February 25, 2019, to March 14, 2019. The remaining

payment amount of USD 46,170.52 was applied towards the outstanding principal amount of the invoice due. The remaining balance of USD 270,867.03 was due and owing as of March 15, 2019, for the supply of bunkers to the Vessel.

18.     On or about March 29, 2019, TERMOIL received USD 119,975 as a third partial payment for the delivery of bunkers to the Vessel. TERMOIL applied USD 1,628.70 to the outstanding default interest and late payment charges that had accrued at the rate of 2% per month on the outstanding principal from March 15, 2019 to March 29, 2019. The remaining payment amount of USD 118,346.30 was applied towards the outstanding principal amount of the invoice due. The remaining balance of USD 152,520.73 was due and owing as of March 30, 2019, for the supply of bunkers to the Vessel.

19.     On or about April 15, 2019, TERMOIL received USD 39,975 as a fourth partial payment for the delivery of bunkers to the Vessel. TERMOIL applied USD 1,626.88 to the outstanding default interest and late payment charges that had accrued at the rate of 2% per month on the outstanding principal from March 30, 2019, to April 15, 2019. The remaining payment amount of USD 38,348.12 was applied towards the outstanding principal amount of the invoice due.  The remaining balance of USD 114,172.61 was due and owing as of April 16, 2019, for the supply of bunkers to the Vessel.

20.     To date, no further payments have been received by TERMOIL. In breach of the bunker supply agreement, Owners/Charterers wrongfully refused, neglected, and/or otherwise failed to timely pay the amount indisputably owed totaling **USD 114,172.61**, plus late charges and interest.

21.     The Vessel received the benefit of the services provided by Plaintiff and is indebted to Plaintiff, and is obligated to pay for the aforementioned goods and services.

22.     Under Clause 19 of the Terms and Conditions governing the contract for the sale of bunkers to the Vessel, the laws of the United States apply to the contract (*see* **Exhibit 2**). Accordingly, Plaintiff may and does now seek enforcement of a maritime lien for the supply of necessaries, *i.e.*, bunker fuel, under the provisions of 46 U.S.C. §§ 31341, *et seq.*

23.     Plaintiff has performed all conditions precedent to warrant full and complete payment for the aforementioned services.

24.     TERMOIL has a maritime lien on the MEDI NEWPORT for the provision of necessaries, *i.e.*, bunker fuel, enforceable in admiralty in accordance with the provisions of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

25.     Payment of all sums has been duly demanded by Plaintiff from the Vessel and its Owners and/or Charterers, however, to date, Defendant has neglected, failed, or otherwise refused to pay the outstanding aggregate sum of **USD 114,172.61**, which is indisputably due and owing for the bunkers, interest, costs, and fees.

### III. ALLEGATIONS IN SUPPORT OF RULE C ARREST

26.     Plaintiff repeats and re-alleges paragraphs 1-25 in the above and foregoing Verified Complaint, and for its further and additional admiralty *in rem* claims against Defendant, alleges and pleads as follows:

**27.**     Clause 14 of the Terms and Conditions provides that "the sale of Products to the Buyer and/or acceptance on the Vessel affords to the Supplier a maritime lien on the Vessel" (*see* **Exhibit 2**).

28.     As a result of the failure to pay the amounts owed to Plaintiff for the bunkers supplied to the Vessel, under the terms of the Confirmation of Order and TERMOIL's Terms and Conditions, Plaintiff's claim for the amount of **USD 114,172.61**, attaches as a maritime lien on

the Vessel in favor of Plaintiff and is enforceable under the provision of 46 U.S.C. § 31341, *et seq.*, with suit *in rem.*

29.     Plaintiff also seeks its applicable costs, fees, and interest in this matter. It is common in Rule C arrest cases for the security to be set at one and one-half (1.5) times the fairly stated claim, and therefore Plaintiff seeks an Order of Arrest in the amount of **USD 170,000** (*see* Supplemental Rule E(5) (permitting substitute security up to twice the amount of Plaintiff's fairly stated claim to cover interest, costs, and fees, etc.)).

30.     Accordingly, Plaintiff seeks to enforce its maritime lien, pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A.     That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction issue against defendant MEDI NEWPORT *her* engines, freights, apparel, appurtenances, tackle, etc., *in rem,* including the issuance of a warrant for the arrest of the MEDI NEWPORT, and that the said vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein;

B.     That judgment be entered in favor of Plaintiff and against the Defendant MEDI NEWPORT, *in rem*, for the amount pleaded herein as well as for interest, costs, attorney fees, and disbursements for this action;

C.     That the MEDI NEWPORT, her engines, freights, apparel, appurtenances, tackle, etc., *in rem*, after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Plaintiff out of the proceeds of the said sale, the full amount of its claim, together with interest, costs and attorney's fees; and

D.      That the Court grant Plaintiff such other and further relief as may be just, equitable, and proper under the circumstances.

DATED: August 9, 2019

WOLF LEGAL, LLC

/s/ Joshua M. Wolf
Joshua M. Wolf, OSB No. 141892

-and-

CHALOS & CO, P.C.
George M. Chalos (GC-8693)
Briton P. Sparkman (BS-5220)
(*pro hac vice* applications forthcoming)

*Attorneys for Plaintiff*
TERMOIL LIMITED